1 │ TRACY L. WILKISON
  │ Acting United States Attorney
2 │ BRANDON D. FOX
  │ Assistant United States Attorney
3 │ Chief, Criminal Division
  │ MARIA ELENA STITELER (Cal. Bar No. 296086)
4 │ KELLYE NG-McCULLOUGH (Cal. Bar No. 313051)
  │ Assistant United States Attorneys
5 │ General Crimes Section
  │      1200 United States Courthouse
6 │      312 North Spring Street
  │      Los Angeles, California 90012
7 │      Telephone: (213) 894-6148/8408
  │      Facsimile: (213) 894-0141
8 │      E-mail:    Maria.Stiteler@usdoj.gov
  │                 Kellye.Ng-McCullough@usdoj.gov
9 │
  │ Attorneys for Plaintiff
10│ UNITED STATES OF AMERICA

11│                UNITED STATES DISTRICT COURT

12│            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13│ UNITED STATES OF AMERICA,          No. CR 21-00034-MCS

14│          Plaintiff,               JOINT STATEMENT RE: DEFENDANT'S
  │                                   RULE 11 PLEA
15│            v.

16│ JOSE ANTONIO PEREZ-MARTINEZ,

17│          Defendant.

18│

19│      Plaintiff, United States of America, by and through its counsel

20│ of record, the Acting United States Attorney for the Central District

21│ of California and Assistant United States Attorneys Maria Elena

22│ Stiteler and Kellye Ng-McCullough, and defendant Jose Antonio Perez-

23│ Martinez, by and through his counsel of record, Deputy Federal Public

24│ Defender Waseem Salahi, hereby submit this joint statement regarding

25│ defendant's Rule 11 plea.

26│                            GUILTY PLEA

27│      1.   Defendant is pleading guilty to the single-count indictment

28│ in United States v. Jose Antonio Perez-Martinez, CR No. 21-00034-MCS,

1  which charges defendant with assaulting a federal officer resulting

2  in bodily injury in violation of 18 U.S.C. § 111(a)(1), (b).

3  NATURE OF THE OFFENSE

4      2.   In order for defendant to be guilty of the crime charged in

5  the indictment, that is, Assault on a Federal Officer Resulting in

6  Bodily Injury, in violation of Title 18 U.S.C. § 111(a)(1), (b) the

7  following must be true: (1) defendant forcibly assaulted P.B., an

8  officer of the United States Bureau of Prisons; (2) defendant did so

9  while P.B. was engaged in, or on account of P.B.'s official duties;

10 and (3) defendant inflicted bodily injury.

11 PENALTIES

12     3.   The statutory maximum sentence that the Court can impose

13 for a violation of Title 18, United States Code, Section

14 111(a)(1), (b) is: 20 years' imprisonment; a 3-year period of

15 supervised release; a fine of $250,000 or twice the gross gain or

16 gross loss resulting from the offense whichever is greatest; and a

17 mandatory special assessment of $100.

18     4.   Defendant will be required to pay full restitution to the

19 victim of the offense to which defendant is pleading guilty.

20 Further, the Court may order restitution to persons other than the

21 victim of the offense to which defendant is pleading guilty and in

22 amounts greater than those alleged in the count to which defendant is

23 pleading guilty.  In particular, the Court may order restitution to

24 any victim of any of the following for any losses suffered by that

25 victim as a result: any relevant conduct, as defined in U.S.S.G.

26 § 1B1.3, in connection with the offense to which defendant is

27 pleading guilty.

28

5.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  If defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.   By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  The conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

7.   Defendant and his counsel have discussed the fact that, and defendant understands that, because defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty

3

1    in this case.  Defendant further understands that removal and

2    immigration consequences are the subject of a separate proceeding and

3    that no one, including his attorney or the Court, can predict to an

4    absolute certainty the effect of his conviction on his immigration

5    status.  Defendant nevertheless affirms that he wants to plead guilty

6    regardless of any immigration consequences that his plea may entail,

7    even if the consequence is automatic removal from the United States.

8                              FACTUAL BASIS

9        8.   If this case were to proceed to trial, the government would

10   prove the following facts beyond a reasonable doubt:

11       On July 31, 2020, defendant was an inmate housed at the United

12   States Penitentiary in Lompoc, California, located in Santa Barbara

13   County, within the Central District of California.  On that date,

14   defendant intentionally and forcibly assaulted Senior Correctional

15   Officer P.B., an officer of the United States Bureau of Prisons, by

16   headbutting Officer P.B. in the cheekbone area on the right side of

17   Officer P.B.'s face, while Officer P.B. was engaged in, and on

18   account of Officer P.B.'s official duties, causing bodily injury to

19   Officer P.B.

20                          SENTENCING FACTORS

21       9.   In determining defendant's sentence, the Court is required

22   to calculate the applicable Sentencing Guidelines range and to

23   consider that range, possible departures under the Sentencing

24   Guidelines, and the other sentencing factors set forth in 18 U.S.C.

25   § 3553(a).  The Sentencing Guidelines are advisory only, defendant

26   cannot have any expectation of receiving a sentence within the

27   calculated Sentencing Guidelines range, and after considering the

28   Sentencing Guidelines and the other § 3553(a) factors, the Court will

                                    4

1  be free to exercise its discretion to impose any sentence it finds

2  appropriate up to the maximum set by statute for the crime of

3  conviction.

4       10.   Defendant and the United States Attorney's Office for the

5  Central District of California have made no agreement as to the

6  applicable Sentencing Guidelines factors, the applicable specific

7  offense characteristics, adjustments, and departures under the

8  Sentencing Guidelines, or defendant's criminal history or criminal

9  history category.

10                    WAIVER OF CONSTITUTIONAL RIGHTS

11       11.   Defendant understands that by pleading guilty, defendant

12  gives up the following rights:

13            a.   The right to persist in a plea of not guilty.

14            b.   The right to a speedy and public trial by jury.

15            c.   The right to be represented by counsel -- and if

16  necessary have the court appoint counsel -- at trial.  Defendant

17  understands, however, that, defendant retains the right to be

18  represented by counsel -- and if necessary have the court appoint

19  counsel -- at every other stage of the proceeding.

20            d.   The right to be presumed innocent and to have the

21  burden of proof placed on the government to prove defendant guilty

22  beyond a reasonable doubt.

23            e.   The right to confront and cross-examine witnesses

24  against defendant.

25            f.   The right to testify and to present evidence in

26  opposition to the charges, including the right to compel the

27  attendance of witnesses to testify.

28

1    g.    The right not to be compelled to testify, and, if

2  defendant chose not to testify or present evidence, to have that

3  choice not be used against defendant.

4    h.    Any and all rights to pursue any affirmative defenses,

5  Fourth Amendment or Fifth Amendment claims, and other pretrial

6  motions that have been filed or could be filed.

7

8  Dated: May 18, 2021              Respectfully submitted,

9                                   TRACY L. WILKISON
                                     Acting United States Attorney
10
                                     BRANDON D. FOX
11                                   Assistant United States Attorney
                                     Chief, Criminal Division
12
                                      /s/
13                                   MARIA ELENA STITELER
                                     KELLYE NG-McCULLOUGH
14                                   Assistant United States Attorneys

15                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
16

17  Dated: May 18, 2021              /s/ with e-mail authorization
                                     WASEEM SALAHI
18                                   Deputy Federal Public Defender

19                                   Attorney for Defendant
                                     JOSE ANTONIO PEREZ-MARTINEZ
20

21

22

23

24

25

26

27

28

6