TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARIA ELENA STITELER (Cal. Bar No. 296086)
KELLYE NG-MCCULLOUGH (Cal. Bar No. 313051)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6148/8408
    Facsimile: (213) 894-0141
    E-mail:   Maria.Stiteler@usdoj.gov
               Kellye.Ng-McCullough@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOSE ANTONIO PEREZ-MARTINEZ,<br><br>        Defendant. | No. CR 21-00034-MCS<br><br>GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT JOSE ANTONIO PEREZ-MARTINEZ<br><br>Hearing Date: August 16, 2021<br>Hearing Time: 3:00 p.m.<br>Location:   Courtroom of the Honorable Mark C. Scarsi |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Maria Elena Stiteler and Kellye Ng-McCullough, hereby files its sentencing position regarding defendant Jose Antonio Perez-Martinez.

    This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and such further evidence and

argument as the Court may wish to consider at the time of sentencing.  The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: August 2, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/
KELLYE NG-MCCULLOUGH
MARIA ELENA STITELER

Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On July 31, 2020, defendant Jose Antonio Perez-Martinez ("defendant") attacked and injured a Bureau of Prisons officer while housed at the United States Penitentiary in Lompoc, California. This was defendant's third documented assault on a prison guard, with the first two occurring in 2006 and 2007. Accordingly, defendant was charged with assault on a federal officer resulting in bodily injury, in violation of 18 U.S.C. §§ 111(a)(1), (b).

On May 19, 2021, defendant pleaded guilty to the indictment in this matter without the benefit of a plea agreement. In the Presentence Investigation Report ("PSR," Dkt. 46), the United States Probation Office ("USPO") calculated that the total applicable offense level is 11, and that defendant's criminal history falls within Category VI, resulting in a Sentencing Guidelines range of 27 to 33 months' imprisonment. (PSR ¶ 73.)

The government agrees with the PSR's calculation of defendant's offense level and criminal history category. For the reasons set forth below, the government recommends a two-level downward variance based upon the factors in 18 U.S.C. § 3553(a), bringing the total offense level down to 9. Based on a total offense level of 9 and a Criminal History Category of VI, the Guidelines range is 21 to 27 months' imprisonment. The government believes 21 months' imprisonment, to be served consecutively to his 2018 sentence for attempted re-entry of removed alien, a one-year term of supervised release, and a special assessment of $100 is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## II. STATEMENT OF FACTS

At the hearing on defendant's change of plea, defendant admitted that on July 31, 2020, while incarcerated at the United States Penitentiary in Lompoc, California, defendant intentionally and forcibly assaulted Senior Correctional Officer P.B., an officer of the United States Bureau of Prisons, by headbutting Officer P.B. in the cheekbone area on the right side of Officer P.B.'s face, while Officer P.B. was engaged in, and on account of Officer P.B.'s official duties, causing bodily injury to Officer P.B.  (Dkt. 44 ¶ 8; Dkt. 45).

Specifically, eyewitness statements and video evidence show that on July 31, 2020, shortly after being provided with a food tray during the dinner meal service, defendant kicked the food tray from his cell, hitting a BOP officer in the arm.  As a result, the Lompoc BOP officers attempted to remove defendant from his cell.  To facilitate defendant's removal, Officer P.B. put handcuffs on defendant through a slot on defendant's cell door.  An officer then opened defendant's cell door, and Officer P.B. took defendant by the left arm to escort him down the hallway.  Almost immediately, defendant stepped back, lunged forward, and headbutted Officer P.B. in the cheekbone area on the right side of his face.  (See PSR ¶ 6.) In doing so, defendant intended to and did inflict bodily injury to Officer P.B., namely, redness, swelling, hematoma, and tenderness on palpation to the right cheek.  (See id.)

After the assault on Officer P.B., defendant was moved to a holding cell, placed in a chair, and asked to remain seated.  While

Case 2:21-cr-00034-MCS Document 47 Filed 08/02/21 Page 5 of 9 Page ID #:200

in that holding cell, defendant continued to lunge at and attempt to headbutt and kick other prison staff.

**III. SENTENCING GUIDELINES CALCULATION**

The USPO calculated a total offense level of 11 based on the following Guidelines calculation:

| | |
|---|---|
| Base Offense Level: | 10 (USSG § 2A2.4(a)) |
| Specific Offense Characteristics: | +3 (USSG § 2A2.4(b)(1)(A)) |
| Adjusted Offense Level: | 13 |
| Acceptance of Responsibility: | -2 |
| Total Offense Level: | 11 |

(PSR ¶¶ 14-22.) The government agrees with the USPO's determination of defendant's offense level. Specifically, the government agrees that U.S.S.G. § 2A2.4(a)'s base offense level of 10 is appropriate here, since defendant engaged in "obstructing or impeding officers." Three additional levels should also apply because "the offense involved physical contact."[1] Id. § 2A2.4(b)(1)(A). The government agrees with the USPO's determination that defendant has accepted responsibility. PSR ¶ 21. As such, the offense level should be reduced by two levels. Accordingly, defendant's total offense level is 11. However, for reasons explained further below, the government recommends an additional two-level variance.

---

[1] There is also a sentencing enhancement for "bodily injury." Here, as admitted in the plea agreement, defendant intended to and did cause bodily injury to Officer P.B. However, U.S.S.G. § 1B1.1, Application Note 1(M) provides that the bodily injury sentencing enhancement requires "bodily injury," which means: "[A]ny significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, application note 1(B). The government agrees that such sentencing enhancement does not apply.

3

The USPO calculated a criminal history score of 21 and a criminal history category of VI. (PSR ¶¶ 34-36.) When coupled with his Category VI criminal history, defendant's Sentencing Guidelines range is 27 to 33 months' imprisonment. The government also agrees with the USPO's calculation of defendant's criminal history category and Guidelines range.

## IV. THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a two-level downward variance and sentence defendant to a term of imprisonment at the low-end of the resulting Guidelines range: 21 months, to be served consecutively to defendant's 2018 conviction for attempted re-entry of removed alien, in violation of 8 U.S.C. §§ 1326(a), (b)(2). The government further requests that the Court impose a one-year period of supervised release and a $100 special assessment. This recommended sentence is sufficient, but not greater than necessary, to address defendant's criminal conduct, taking into account all the factors the Court must consider under 18 U.S.C. § 3553(a).

### A. NATURE AND CIRCUMSTANCES OF THE OFFENSE

With respect to the nature and circumstances of the offense and history and characteristics of the defendant, the government's recommended sentence is appropriate. For no apparent reason, defendant assaulted Officer P.B. while defendant was in custody and while the victim was engaged in official duties. Defendant

4

headbutted Officer P.B., causing redness and swelling to the victim's face.

### B. HISTORY AND CHARACTERISTICS OF DEFENDANT

Defendant is 39 years old. (PSR ¶ 62.) Defendant has a history of aggressive and violent behavior. Specifically, defendant has previously been convicted of battery by prisoner, robbery, battery, and infliction of corporal injury on spouse. (PSR ¶¶ 26-31.) However, the government notes that defendant's prior violent crimes occurred well over a decade ago, between 2002 and 2008. He has also been convicted of attempted re-entry of removed alien in 2016 and 2018. (Id. ¶¶ 32-33.)

As to mitigating factors, defendant has been previously diagnosed with the conditions set forth in the PSR. (Id. ¶ 53.) Defendant relayed prior mental health concerns, as indicated in paragraphs 53 through 55 of the PSR. (Id. ¶¶ 53-55.) Central Arizona Florence Correctional Complex records confirm defendant's account of a February 2018 incident. (Id. ¶ 55.)

Pursuant to U.S.S.G. § 5H1.3:

> Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an <u>unusual degree</u> and <u>distinguish the case from the typical cases covered by the guidelines</u>.

U.S.S.G. § 5H1.3 (emphasis added). Based on defendant's confirmed mental health problems before committing the instant offense, and the age of defendant's prior violent crimes, the government believes that a two-level downward variance and a sentence at the low-end of the resulting Guideline range is warranted in this case. It is the

5

government's position that defendant suffers from a mental condition that makes his actions in this case less egregious than those of someone not suffering from defendant's mental condition, and that comprehensive mental health treatment will be more effective in deterring further offenses than will a lengthier term of incarceration. Accordingly, the government believes that a sentence of 21 months is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

### C. NEED FOR DETERRENCE AND TO PROMOTE RESPECT FOR THE LAW

Section 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of defendant, and provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The government respectfully submits that a 21-month sentence, to be served consecutively to his 2018 sentence that he was serving at the time of the July 31, 2020 incident, will (1) appropriately reflect the seriousness of the offense and promote respect for the law; (2) deter future criminal conduct from both the defendant and others without being greater punishment than necessary; and (3) serve to protect the community.

By requiring defendant to spend 21 months in custody, the Court will impress upon defendant the seriousness of his crime and hopefully deter defendant from engaging in additional violent crime in the future. Accordingly, the government believes that a

sentence of 21 months, is sufficient, but not greater than necessary, to deter defendant from committing any future crimes.

## VI. CONCLUSION

For the foregoing reasons, a sentence of 21 months, consecutive to the custodial term defendant was serving at the time of the instant offense, is sufficient, but not greater than necessary, to punish defendant, promote respect for the law, and deter defendant from committing similar crimes in the future.  See generally 18 U.S.C. § 3553(a).  Accordingly, the government recommends that the Court sentence defendant to 21 months in custody, followed by a one-year period of supervised release, and a mandatory special assessment of $100.